**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 11-50154 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03413-LAB-1 |
| v. | |
| **GUADALUPE ALEJANDRO BRAVO-PEREZ**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 7, 2012[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **N.R. SMITH**,
Circuit Judges.

**1.** The district court set out the proper mens rea terms by using the model

jury instructions. While the court's additional formulations were less clear, the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

first didn't plainly negate the crime's purpose requirement, and the second made the uncontroversial point that ignorance of the law is no excuse. This fails to meet the high standard for plain error. See United States v. Barajas-Montiel, 185 F.3d 947, 953 (9th Cir. 1999).

2. The district court didn't punish Bravo-Perez for exercising his constitutional right to go to trial, but instead explained that Bravo-Perez "went to trial, so he doesn't get the reward of pleading." That's permissible, see United States v. Morris, 827 F.2d 1348, 1352–53 (9th Cir. 1987), and it's accurate here: Had Bravo-Perez pled guilty, he would have received sentence reductions for acceptance of responsibility and fast-track pleading.

**AFFIRMED.**